United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 22, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-61110
Summary Calendar
_____

ANASTASIA NKAMINE SIEWE,

Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A96 087 137
--------------------

Before REAVLEY, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Anastasia Nkamine Siewe seeks review of the Board of
Immigration Appeals' ("BIA") denial of her motion to reopen
immigration proceedings.  Reviewing for abuse of discretion, we
affirm for the following reasons:

1.   Pursuant to immigration regulations, a filing fee is
     required in connection with the filing of a motion to
     reopen, unless the motion to reopen "is based
     exclusively on an application for relief [such as
     asylum] that does not require a fee."  8 C.F.R. §

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1003.24(b)(2)(i)(2005). Siewe's motion to reopen is not based exclusively on an asylum application. Siewe's original application for asylum was withdrawn and the proceeding below addressed only the merits of her I-130 request for adjustment of status.

Siewe's motion to reopen was based on a claim of ineffective assistance of counsel. While that claim was related to advice Siewe received regarding asylum, Siewe's motion to reopen did not address her eligibility for asylum, and she did not attach an asylum application to the motion. See id. at § 1003.23(b)(3) (a motion to reopen for the purpose of acting on an application for relief must be accompanied by the application and all supporting documents).

2. Because the basis of Siewe's motion to reopen did not fall within the fee exemptions set out in § 1003.8, we agree with the BIA's determination that a filing fee was required.

3. Because we conclude that the BIA did not abuse its discretion in denying the motion to reopen for lack of a filing fee, we do not address Siewe's argument that her motion met the requirements of In re Lozada, 19 I & N Dec. 637 (BIA 1988).

The petition for review is DENIED.